Filed 2/19/26  P. v. Nelson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C103315 |
| Plaintiff and Respondent, | (Super. Ct. No. 62188755A) |
| v. | |
| DAVID PATRICK NELSON, | |
| Defendant and Appellant. | |

Defendant David Patrick Nelson appeals from the trial court's denial of his Penal Code section 1172.1 request for resentencing.[1]  Appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) asking this court to independently review the record to determine if there are any arguable errors that would result in a disposition more favorable to him.  Defendant filed a supplemental brief acknowledging that this court would not be able to provide him any relief but nonetheless

---

[1] Undesignated statutory references are to the Penal Code.

1

raising issues with the 2023 proceedings in Placer County. These arguments are not related to the trial court's 2025 order appealed from and thus are not cognizable in this appeal. Accordingly, we will affirm.

## I. BACKGROUND

### A.    The 2023 Proceedings

In July 2023, defendant resolved two pending cases through a plea agreement with a negotiated disposition for an aggregate prison term of 10 years. Specifically, in Placer County case No. 62-186940B, defendant pled no contest to vandalism (§ 594, subd. (b)(1)) and admitted a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). In Placer County case No. 62-188755A, defendant pled no contest to arson of the property of another (§ 451, subd. (d)) and burglary (§ 459). Defendant also admitted a prior strike (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and that the offenses were committed while he was released from custody on bail or his own recognizance in case No. 62-186940B (§ 12022.1, subd. (b)). The balance of the charges were dismissed in light of the plea agreement.

The trial court sentenced defendant the same day to the agreed upon 10-year aggregate term. It first reiterated defendant's previous sentence in Yolo County case No. CR2022-39521 (the Yolo County case), of four years (the low term of two years doubled because of the prior strike), which would serve as the principal term. In Placer County case No. 62-186940B, the trial court sentenced defendant to 16 months (one-third the midterm doubled) consecutive for the vandalism. In Placer County case No. 62-188755A, the court sentenced defendant to 16 months (one-third the midterm doubled) consecutive for the arson plus 16 months (one-third the midterm doubled) consecutive for the burglary plus two years consecutive for the out on bail enhancement.

The trial court noted defendant had previously been awarded custody credits in the Yolo County case, but did not delineate those credits or award any additional credits for the time defendant may have already served in that matter. In Placer County case No. 62-

2

188755A, the trial court awarded 31 actual days plus 30 conduct days for a total of 61 days custody credits. Defendant was not entitled to any custody credits in Placer County case No. 62-186940B. It does not appear that defendant appealed this judgment.

B. *Defendant's Section 1172.1 Request for Resentencing*

On January 13, 2025, defendant filed an in propria persona form request for resentencing under section 1172.1 identifying sections 1385 and 667, subdivision (a) as laws that had changed since his 2023 sentencing. Defendant stated he had been incarcerated since 2022 and wished to be resentenced given his accomplishments, commitment to rehabilitation, and desire to be in his daughter's life.

In February 2025, the trial court issued a written ruling on defendant's request. The trial court noted defendant was convicted by plea and was serving a negotiated disposition of 10 years. Although section 1172.1 did not give defendant the right to request resentencing, the court explained that defendant was not serving an enhancement under section 667, subdivision (a) and the amendments to section 1385 predated defendant's sentencing. Therefore, the court concluded, "petitioner has shown no change in sentencing law applicable to him since he was sentenced on July 14, 2023[,] and the court has discerned none. The petition for resentencing is hereby denied." Defendant timely appealed and received a certificate of probable cause for his argument that the sentence for the Yolo County case had been nearly completed when he was sentenced on the other cases and should not have been part of the Placer County sentencing.

## II. DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) Appellate counsel wrote to defendant, explaining she would be filing a no-issue brief and advising defendant of his right to file a supplemental brief and that failure to file such a brief could result in dismissal of this appeal. Defendant filed a supplemental brief.

3

In *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo, supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid*.)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded that it is not required. (*Delgadillo, supra*, 14 Cal.5th at pp. 231-232.) The court prescribed procedures for such cases, including that, when a defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id*. at p. 232.) But the filing of a supplemental brief alone does not compel the court to independently review the entire record to identify unraised issues, although it may exercise its discretion to do so. (*Ibid*.)

*Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction proceeding under section 1172.6. (*Delgadillo, supra*, 14 Cal.5th at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"].) Although this is not a proceeding under section 1172.6, the same principles may apply to the postconviction context here.

Applying *Delgadillo*'s guidance, we consider the arguments raised in defendant's supplemental brief that his 2023 trial counsel was ineffective and that defendant should not have been sentenced to four years for the Yolo County case and should have been awarded custody credits for his period of confinement from December 2022 to July 2023. We acknowledge defendant's concession that "this court is unable to provide [defendant] any assistance" with these issues. Defendant is correct. The propriety of the 2023 sentencing was not at issue in defendant's 2025 section 1172.1 request for resentencing

because of ameliorative changes to sections 1385 and 667, subdivision (a). It was therefore not part of the trial court's ruling appealed from and is not cognizable in this appeal.[2] (See, e.g., *People v. Wade* (1968) 266 Cal.App.2d 918, 929 ["the scope of review on appeal is limited to the proceedings which led to the judgment under review"].) Accordingly, we will affirm.

## III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

DUARTE, Acting P. J.

/S/

_____

MESIWALA, J.

_____

[2] While not expressing an opinion on the merits, we note nothing precludes defendant from filing a petition for a writ of habeas corpus in the trial court for relief related to the 2023 sentencing. (See, e.g., *People v. Boyd* (2024) 103 Cal.App.5th 56.)